# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAISY TRUST,
Appellant,
vs.
WELLS FARGO BANK, N.A.; AND MTC
FINANCIAL INC., D/B/A TRUSTEE
CORPS,
Respondents.

No. 63611

**FILED**

NOV 1 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

The district court granted respondents' motion to dismiss, finding that Daisy Trust had failed to state a viable claim for relief because NRS 116.3116(2)'s superpriority provision "only creates a priority to payment from foreclosure proceeds," and alternatively, because the statute "refers to a judicial foreclosure action and is not applicable when the home owner's association forecloses under the non-judicial foreclosure statutes." This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on that lien. The district court's decision thus was

14-37558

based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted.[1] Accordingly, we

REVERSE the order granting the motion to dismiss AND REMAND this matter to the district court for further proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent Wells Fargo lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of this appeal.

_____, J.
Cherry

---

[1]In particular, because the district court did not address respondent Wells Fargo's argument regarding issue preclusion, and because the record on appeal is insufficiently developed in this regard, we decline to address that argument in the first instance.

[2]The injunction imposed by our August 23, 2013, order is vacated, and respondent's March 6, 2014, request for an NRAP 33 conference is denied.

cc: Hon. Stefany Miley, District Judge
Law Offices of Michael F. Bohn, Ltd.
Robison Belaustegui Sharp & Low
Burke, Williams & Sorensen, LLP
Snell & Wilmer LLP/Salt Lake City
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk